# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISANDRO LEMUS,<br>    Plaintiff,<br><br>                v.<br><br>SGL TECHNIC LLC,<br>    Defendant. | CV 20-7385 DSF (ASx)<br><br>Order DENYING Motion to<br>Remand (Dkt. No. 13) |

  Defendant SGL Technic LLC removed this case on the basis of diversity jurisdiction.  Plaintiff Lisandro Lemus moves for remand.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for October 19, 2020 is removed from the Court's calendar.

  Plaintiff argues that the case was removed outside of the 30-day removal window and should be remanded on that basis.  There is no dispute that the face of the complaint did not indicate that the amount in controversy exceeds $75,000.  Defendant claims that it did not receive "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" until its receipt of Plaintiff's responses to Defendant's requests for admission on August 12 and, therefore, its removal was timely.

  Plaintiff points to two reasons that Defendant was obligated to remove earlier:  that Defendant was in possession of sufficient information much earlier to determine the amount in controversy exceeds $75,000 and that Defendant made two settlement demands in excess of $75,000.  The first argument fails because a defendant is not

obligated to gather information beyond that revealed by the plaintiff and is not obligated to rely on speculation to remove a case. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). The second argument fails because settlement demands made by a defendant are not a paper *received* by a defendant as specified in 28 U.S.C. § 1446(b).

Plaintiff also argues that Defendant, an LLC, should nonetheless be considered a California corporation because it had previously been a California corporation prior to being converted to an LLC. California Corporations Code § 17710.09 provides that a corporation converted to an LLC "is for all purposes . . . the same entity that existed before the conversion and the conversion shall not be deemed a transfer of property." But § 17710.09 does not change federal jurisdiction rules – Defendant is now an LLC and an LLC has the citizenship of its members for the purposes of federal diversity jurisdiction.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: October 9, 2020

Dale S. Fischer
United States District Judge

2